**ADANTE D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**LATEEF H. GRAY, ESQ., SBN 250055**
**MICHAEL A. SLATER, ESQ., SBN 318899**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: LGray@LawyersFTP.com
Email: MSlater@LawyersFTP.com

Attorneys for Plaintiffs, GIOVANTE DOUGLAS and CARTIER HUNTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GIOVANTE DOUGLAS, an individual;
CARTIER HUNTER, an individual;

Plaintiffs,

v.

CITY OF OAKLAND, a municipal corporation; PHONG TRAN, in his individual capacity as a law enforcement officer for the CITY OF OAKLAND POLICE DEPARTMENT; and DOES 1 through 50, inclusive.

Defendants.

Case No.: 3:23-cv-02820-AGT

**JOINT CASE MANAGEMENT STATEMENT**

Date: March 7, 2025
Time: 2:00 p.m.
Location: Via Zoom Videoconference

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiffs Giovante Douglas and Cartier Hunter (collectively, "Plaintiffs"), Defendant City of Oakland ("Oakland"), Defendant Phong Tran ("Tran") (collectively, "Defendants") (altogether collectively, the "Parties"), by and through their respective counsel of record in the above-captioned matter, hereby submit this Joint Case Management Statement in advance of the March 7, 2025 Case Management Conference in the above-captioned matter:

## 1. JURISDICTION, VENUE & SERVICE

The Parties agree that this Court has jurisdiction under 28 U.S.C. sections 1331 and 1334. Defendants have Answered Plaintiffs' Complaint. The Parties agree that the venue is proper under 28 U.S.C. sections 1391(b)(1) and (b)(2). The Parties agree that service of summons, Complaint and other case-initiating documents has been perfected against all currently-named defendants.

## 2. FACTS

### A. Plaintiff's Position

Plaintiffs' factual allegations are set forth in full in their Complaint. (ECF No. 1.) In summary, Plaintiffs' claims arise from Plaintiffs' respective wrongful detentions, first in the Santa Rita Jail (one of the most dangerous and deadly jails in America), up through their confinement in various maximum-security prisons) for a murder they did not commit (the "Subject Murder"), but for which they were arrested, prosecuted and wrongfully convicted based upon the presentation of knowingly false and manufactured evidence. More specifically, in order to secure a murder conviction against Plaintiffs, the lead investigator, Defendant Oakland Homicide Detective Phong Tran solicited, cajoled and paid the sole then-purported witness to the Subject Murder to provide false and manufactured statements and ultimately false testimony. Even worse, Defendant Tran paid this sole purported witness, who ultimately turned out to be one of his confidential informants, to provide false testimony in exchange for financial benefits from Defendants, including but not limited to paying said witness $5,000 in cash mere minutes after her false testimony during Plaintiffs' trial. Defendant Tran's payments and incentives that he provided to this witness were never disclosed to Plaintiffs until years after trial. All of Defendant Tran's actions were in clear violation of Plaintiffs' constitutional rights.

/ / /

/ / /

**B. Defendants' Position**

Defendants deny Plaintiff's allegations and claim that the Officers' conduct was lawful and reasonable given the circumstances confronting them. Defendants further dispute Plaintiff's characterization of the various facts and also dispute Plaintiff's claimed damages. Since none of the factual disputes are relevant to the issues to be addressed at the upcoming case management conference, they are not addressed herein.

## 3. LEGAL ISSUES

Plaintiffs contend the primary legal issues raised by the Complaint that the parties are currently aware include the following:

1. Whether Defendants' conduct deprived Plaintiffs of their liberty without due process of law and violated Plaintiffs' right to a fair trial;
2. Whether Defendants' conduct amounted to malicious prosecution against Plaintiffs;
3. Whether Defendants conspired to violate Plaintiffs' constitutional rights;
4. Whether Defendants failed to disclose highly compelling / clearly exculpatory information resulting in Plaintiffs' significantly long detentions, in violation of the constitutional rule articulated in Tatum v. Moody, 768 F.3d 806 (9th Cir. 2014).
5. Whether DOE Supervisor Defendants ratified, personally participated or were deliberately indifferent to Plaintiffs' constitutional rights;
6. Whether Oakland's customs, practices and/or policies were the moving force behind the violations of Plaintiffs' constitutional rights;
7. Whether Defendants' conduct was egregious, outrageous and shocks the conscience;
8. Whether Defendants' conduct was committed with oppression and/or malice;
9. Whether Defendants' conduct was despicable and perpetrated with a willful and conscious disregard for Plaintiffs' safety, wellbeing and legal rights;

10. Whether the Defendants' conduct was objectively reasonable, thereby entitling them to immunity;

11. Whether Officer Tran's alleged misconduct violated clearly established law, and if not, is he entitled to qualified immunity.

12. Whether the District Attorney's filing and prosecution of claims against Plaintiffs limit the recoverable damages; and

13. The nature and extent of Plaintiffs injuries as a result of Defendants' conduct.

Defendants contend the primary legal issues for adjudication are as follows:

14. Are the Defendants entitled to immunity, and in particular, qualified and investigative immunity, for Det. Tran's conduct?

15. Do Plaintiffs' claims fail to state a claim upon which relief can be granted?

16. Are Plaintiffs' causes of action precluded because probable cause supported the arrests?

17. Are Plaintiffs' claims precluded due to the absence of any facts to suggest the criminal prosecution and conviction was caused by any allegedly fabricated or withheld evidence?

18. Does the presumption of prosecutorial independence preclude or limit Plaintiffs' claims?

19. Can Plaintiffs argue or assert evidence of their claimed innocence and/or that they contend the criminal investigation was somehow lacking or not sufficiently thorough where such matters are not relevant to any pending claims?

20. Are Plaintiffs' *Monell* claims precluded because of the lack of evidence of any policy denying Plaintiffs' constitutional rights?

**4. <u>MOTIONS</u>**

Plaintiffs have an ongoing discovery dispute with Defendants regarding outstanding documents that Plaintiffs believe are in Defendant City's possession and relevant to the case. The parties will submit a joint discovery dispute letter on the matter.

After conducting discovery, Plaintiffs are considering filing a motion for summary judgment or motion for partial summary judgment.

Defendants will be submitting the following motions:

1. Motion to Stay pending resolution of the criminal prosecution against Det. Tran;
2. Motion(s) for Summary Judgment; and
3. Motion to Bifurcate, which will seek separate trials of the liability and damages issues.

## 5. AMENDMENT OF PLEADINGS

### A. Plaintiffs' Position

Plaintiffs filed their Complaint on June 8, 2023 (ECF No. 12). At this time, further amendments to the Complaint are anticipated. Plaintiffs may seek leave to amend their Complaint to add additional defendants and/or facts after conducting further fact investigation and discovery, should Plaintiffs determine it necessary. The parties stipulated pursuant to Fed. R. Civ. P. 15 to the filing of an amended answer by Defendant Tran to add the affirmative defense of qualified immunity, and the amended answer was filed October 25, 2024 (ECF No. 66).

## 6. EVIDENCE PRESERVATION

The Parties reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The Parties agree to preserve all emails, documents, notes and other potentially relevant documents.

## 7. DISCLOSURES

No persons, firms, partnerships, corporations (including parent corporations) or other entities are known by the Parties to have either: (i) a financial interest in the subject matter in controversy or

in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**8. DISCOVERY**

To date, the parties have served limited written discovery requests. The Parties have also exchanged initial disclosures, which were completed on or before October 2, 2023, in compliance with this Court's Scheduling Order. (ECF No. 24.)

The parties anticipate that the Court's direction may be necessary to address discovery disputes related to Plaintiffs' requests for information that Defendants contend are privileged and/or exempt from discovery. The parties are continuing to meet and confer on those issues and will present the issues to the Court, if necessary. However, Defendant City requests the Court agree to informal discovery conferences wherein the Court and parties can informally discuss the disputed issues, which would precede any formal discovery proceedings, as otherwise outlined in the Court's Civil Standing Order.

**9. CLASS ACTIONS**

This is not a class action.

**10. RELATED CASES**

Defendant Tran is currently being criminally prosecuted for the incidents and conduct upon which Plaintiffs' claims are predicated. Defendants anticipate there is a possibility that the criminal prosecution may impact this matter, including potentially resulting in the need to stay the civil proceedings.

**11. RELIEF**

Plaintiffs seek a judgment in their favor. Plaintiffs seek general and special damages as well as reasonable attorneys' fees and costs as permitted by law.

**12. SETTLEMENT AND ADR**

The Parties have discussed the prospects of settlement pursuant to ADR L.R.3-5 and have stipulated to a Settlement Conference with a Magistrate Judge. (ECF No. 29.) On February 14, 2025, the Parties participated in a Settlement Conference with U.S. Magistrate Judge Donna M. Ryu,

which did not result in settlement. (ECF No. 69.) Judge Ryu advised the Parties to reach out to her Chambers once they are ready for a further Settlement Conference.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

All Parties have consented to magistrate judge jurisdiction. (ECF Nos. 6, 30, 31.)

**14. OTHER REFERENCES**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

The Parties will seek to narrow the legal issues presenting by the Parties' claims and defenses via the discovery process and Rule 56 motions, should they become necessary. The Parties respectfully reserve their right, respectively, to seek bifurcation of issues if the need arises.

**16. EXPEDITED TRIAL PROCEDURE**

The Parties do not believe an expedited schedule or trial procedure is appropriate.

**17. SCHEDULING**

Given the matter did not settle, Plaintiffs respectfully request that the Court issue a Scheduling Order to reflect the following litigation deadlines:

| | |
|---|---|
| Fact Discovery Cutoff: | October 16, 2025 |
| Expert Disclosures: | October 16, 2025 |
| Rebuttal Expert Disclosures: | November 20, 2025 |
| Expert Discovery Cutoff: | February 17, 2025 |
| Last Day to Hear Dispositive Motions: | February 17, 2025 |
| Pretrial Conference: | April 12, 2025 |
| Trial: | May 15 – June 29, 2025 |

Defendants contend that any scheduling order is premature at this time, given the pending criminal proceedings against Det. Tran. Instead, Defendants request the Court either stay these proceedings until such time as the criminal proceedings are concluded or, in the alternative, schedule a further Case Management Conference in approximately 90 days to determine if the criminal

prosecution has concluded by that time. Should the Court decline to stay or otherwise extend these proceedings, Defendants submit that the dates proposed by Plaintiffs should be extended by approximately 6-9 months, so as to allow Defendants the opportunity to meaningfully participate in the discovery process after the criminal prosecution is concluded and Det. Tran able to testify. Defendants further request that any trial not be scheduled until late 2026, at the earliest.

**18. TRIAL**

This case will be tried before a jury. Plaintiffs estimate that the trial will require approximately 10-15 court days. Defendants estimate the case can be tried in 10 court days.

**19. PROFESSIONAL CONDUCT**

Counsel of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. OTHER MATTERS**

The Parties are presently unaware of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: February 28, 2025 **POINTER & BUELNA, LLP**

By: ***/s/ Patrick Buelna***
Adante D. Pointer
Patrick M. Buelna
Lateef H. Gray
Counsel for Plaintiffs,
GIOVANTE DOUGLAS and
CARTIER HUNTER

Dated: February 28, 2025 **ORBACH, HUFF & HENDERSON**

By: ***/s/ Kevin Gilbert***
Kevin E. Gilbert
Counsel for Defendant,
CITY OF OAKLAND

Dated: February 28, 2025

By: ***/s/ David Newdorf***
David Newdorf
Counsel for Defendant,
PHONG TRAN

## ATTESTATION OF CONCURENCE IN FILING

In accordance with Northern District Civil Local Rule 5-1(h)(3), I, Patrick Buelna, attest that I have obtained concurrence in the filing of this document from the other signatory listed above.

Dated: February 28, 2025 By: ***/s/ Patrick Buelna***
Patrick Buelna